UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGET L. MURRIEL,

    Plaintiff

v.

CITY OF DETROIT
ADMINISTRATION AND
MANAGEMENT, *et al*,

    Defendants.
_____/

Case No. 17-11328

Arthur J. Tarnow
United States District Judge

Stephanie Dawkins Davis
United State Magistrate Judge

**REPORT AND RECOMMENDATION**
**AMENDED MOTION TO DISMISS (Dkt. 17)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed a complaint against her former employer, the City of Detroit, on April 26, 2017 under the Age Discrimination in Employment Act (ADEA). (Dkt. 1). The City filed an answer on May 17, 2017. (Dkt. 8). On September 28, 2017, District Judge Arthur J. Tarnow issued an order directing plaintiff to show cause in writing by November 1, 2017 why her complaint should not be dismissed for failure to state a claim on which relief can be granted. (Dkt. 12). In the show cause order, Judge Tarnow concluded that plaintiff's complaint, at present, failed to state a claim on which relief may be granted. Plaintiff was ordered to identify how she will amend the complaint to state a viable claim against the City and to show cause why the Court should not dismiss all the claims. (Dkt. 12).

1

Plaintiff filed a number of documents on the docket after the show cause order was issued (Dkt. 13, 14, 18, 20),[1] one of which was identified as her response to the order to show cause. (Dkt. 19). On November 27, 2017, the City filed an amended motion to dismiss the complaint. (Dkt. 17). Judge Tarnow ordered plaintiff to file a response (Dkt. 21), which she did on December 21, 2017. (Dkt. 23). On February 27, 2018, this matter was referred to the undersigned for all pretrial proceedings. (Dkt. 24). The Court issued a notice of determination without oral argument on March 28, 2018. (Dkt. 25). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and further **RECOMMENDS DISMISSING** plaintiff's complaint based on plaintiff's failure to adequately respond to the order to show cause.

## II.     FACTUAL BACKGROUND

Plaintiff filed a 142 page complaint, consisting mostly of documents pertaining to her employment with the City of Detroit, dating back many years. (Dkt. 1). Some factual background for plaintiff's complaint can be found in her EEOC Charge of Discrimination dated June 21, 2016:

---

[1] Plaintiff has filed various documents and correspondence pertaining to her employment and this lawsuit, none of which appear to be related to her response to the show cause order.

> On October 29, 2015, I made an internal complaint to Human Resources concerning age-based harassment by my Payroll Manager because my Payroll Manager was targeting I [sic] and others in the protected age group by falsifying documents and terminating them without discharge slips. Since my first complaint, my Payroll Manager has retaliated against me by forcing me to perform illegal payroll procedures in an attempt to terminate my employment. For instance, I was suspended by my Payroll Manger because I refused to process an illegal overtime pay transaction pertaining to an employee on payroll. On or about December 9, 2015, I was suspended by Police Human Resources because I filed a complaint against my Payroll Manager. I continue to remain on suspension. Without proper notification, the City of Detroit has removed me from payroll permanently.
>
> I believe I was suspended due to my age 56, and in retaliation for complaining about age-based harassment in violation of the Age Discrimination in Employment Act of 1967, as amended.

(Dkt. 1, Pg ID 93). The EEOC issued plaintiff her right to sue letter on April 6, 2017. (Dkt. 1, Pg ID 92).

## III. ANALYSIS AND CONCLUSION

    A.    <u>Conversion to Rule 12(c) Motion and Standard of Review</u>

The Federal Rules of Civil Procedure provide that "[a] motion asserting any of these defenses [under Rule 12(b)] must be made before pleading if a responsive pleading is allowed." Fed.R.Civ.P. 12(b). The City filed its answer to plaintiff's complaint on May 17, 2017, rendering this subsequent motion under Rule 12(b)(6) untimely. *See Williams v. State Farm Ins. Co.*, 781 F.Supp.2d 519, 522 (E.D.

Mich. 2011) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004) ("[A] post-answer Rule 12(b)(6) motion is untimely and . . . some other vehicle, such as a motion for judgment on the pleadings . . . must be used.")). However, Rule 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Under Rule 12(c), a motion for judgment on the pleadings cannot be filed until the pleadings are "closed." Although it does not appear that the Sixth Circuit has directly addressed the issue of when pleadings are deemed closed, a number of district courts in this and other circuits addressing this issue have held that pleadings are not "closed" until every defendant has filed an answer. *See, e.g., Kowall v. GMAC Mortg.*, *LLC*, 2012 WL 884851, at *1 (E.D. Mich. Mar. 15, 2012) (pleadings do not close for purposes of a Rule 12(c) motion until defendants have filed an answer to the complaint); *Horen v. Board of Educ. of Toledo City Sch. Dist*, 594 F. Supp.2d 833, 840 (N.D. Ohio 2009) ("If a case has multiple defendants, all defendants must file an answer before a Rule 12(c) motion can be filed.") (citing *Habeeba's Dance of the Arts., Ltd. v. Knoblauch*, 2006 WL 968642, at *2 (S.D. Ohio 2006); *Nationwide Children's Hosp., Inc. v. D.W. Dickey & Sons, Inc. Emp. Health & Welfare Plan*, 2009 WL 5247486, at *1 (S.D. Ohio 2009) ("Thus, the pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to

4

dismiss instead of answering.")); *see also Nagy v. De Wese*, 705 F.Supp.2d 456, 460 & n.4 (E.D. Pa. 2010) (collecting cases). Here, all defendants have answered the complaint and the pleadings can be considered "closed." Thus, the Court can properly treat the City's motion as a motion to dismiss under Rule 12(c).

The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b). *See EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his [or her] entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted)).

The Supreme Court raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577

F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 677. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678.

In ruling on the City's motion, the Court may consider the pleadings of the parties, including copies of any written instrument(s) attached to a pleading as their attachment thereto renders them a part of the pleading under Rule 10(c). *See also Commercial Money Center, Inc. V. Illinois Union Ins. Co.*, 508 F.3d 326, 335-336 (6th Cir. 2007) (Motion for judgment on the pleadings was not converted to motion for summary judgment by court's consideration of documents that were not attached to counterclaim, but were attached to the complaint and the answer to

counterclaim).  The undersigned also recognizes that generally if a court considers matters outside of the pleadings, the court must convert the motion into one for summary judgment under Rule 56.  However, "[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting that the Sixth Circuit has "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim'") (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  "[I]n general, a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

    B.    <u>ADEA Claim</u>

As explained in the show cause order, "[t]o establish a prima facie claim of age discrimination under the ADEA, a plaintiff must show that: (1) she was at least 40 years old at the time of the alleged discrimination; (2) she was subjected to adverse employment action; (3) she was otherwise qualified for the position; and

(4) she was replaced by a younger worker." (Dkt. 12, p. 1) (citing *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 317 (6th Cir. 2007)). The show cause order also observed that while "[p]laintiff submits that she has 'proven age discrimination when [she] filed [her] charges with the EEOC against the City of Detroit'… the Complaint fails to allege facts to support that proposition." (Dkt. 12, p. 2, citing Dkt. 1, Pg ID 6). Thus, Judge Tarnow concluded that plaintiff's complaint, as written, failed to state a claim under Rule 12(b)(6). (Dkt. 12, p. 2).

Plaintiff's response to the order to show case does nothing to address the issue identified in the show cause order. (Dkt. 19). Plaintiff discusses due process and says that "[a]ll information I submitted is presented in my lawsuit compliant [sic]." (Dkt. 19, p. 1). She also recounts her employment history going back to 2002 and says that there is no one to represent City of Detroit employees. *Id*. Yet, nothing in plaintiff's response to the show cause order identifies how she will amend the complaint to state a viable claim against the City and she does not show cause why the Court should not dismiss all the claims, as ordered. In the view of the undersigned, plaintiff's complaint should be dismissed on this basis.

As set forth above, the City also filed a motion to dismiss the complaint, based on plaintiff's failure to adequately respond to the order to show cause. (Dkt.

17).[2] The City argues that plaintiff has yet to amend her pleadings to the proper format and to plead sufficient facts to support a claim for which relief could be granted. Further, the City argues that assuming all facts alleged are true as submitted in the complaint, she failed to plead sufficiently to show a violation of any of the cited statutes. Rather, according to the City, her response to the Court's order to show cause that "her termination was based on personal reasons," acts as an admission that the adverse employment action was not a violation of any of the cited statutes. The City also points out that plaintiff continues to bring forth grievances that are well outside of the statute of limitations as evidence of the unfair treatment she was subjected to. According to the City, plaintiff's conclusory statements in her complaint of unfair treatment (e.g., was blackballed, was not promoted, and was demoted), fail to even suggest that any action taken by the City was "because of" her age, and therefore violated the ADEA.[3]

---

[2] The City attached a different version of plaintiff's response to the order to show cause, which does not appear on the docket in this matter, and which was apparently sent to the City's counsel via facsimile by plaintiff. (Dkt. 17-1). This document will not be considered for purposes of this report and recommendation, but even if it were, nothing in this document identifies how plaintiff will amend the complaint to state a viable claim against the City.

[3] In an apparent abundance of caution, the City also addresses some references in plaintiff's filing to the Fair Labor Standards Act, Title VII, and the Performance Act of 1950, which apparently relates to federal civil services rules. The Court's show cause order indicates that plaintiff's operative complaint contains only a claim under the ADEA and thus, these other possible claims need not be addressed further. *Burley v. Miller*, 241 F.Supp.3d 828, 840 (E.D. Mich. 2017) ("The Court does not comb the record with an eye to extracting possible theories of recovery. If the plaintiff—even a pro se plaintiff—does not give some notice of an intent to advance a claim, the Court will not do it for him.").

The undersigned agrees with the City's assessment of plaintiff's ADEA claim. In order to establish a prima facie case under the ADEA, a plaintiff must show that: 1) she is over 40 years old and, thus, is within the class protected by the ADEA; 2) she suffered an adverse employment action; 3) she was qualified for the employment position at issue; and 4) she was either replaced by a person who was significantly younger or was treated differently than similarly-situated individuals who were significantly younger. *Grimes v. SW. Airlines Co.*, 2018 WL 646406, at *6 (M.D. Tenn. Jan. 31, 2018) (citing *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003)). Plaintiff alleges no facts in the text of her actual complaint suggesting that she was replaced by or treated differently than a similarly-situated employee who was significantly younger than her. (Dkt. 1, pp. 1-4, 10-13, 90-91, 125).

Furthermore, while plaintiff is proceeding *pro se*, it not the Court's obligation to comb the exhibits attached to the complaint in search of facts that might support her ADEA claim. Indeed, as explained in *Rogers v. Detroit Police Dep't*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009), "courts may not rewrite a complaint to include claims that were never presented…nor may courts construct the plaintiff's legal arguments for him." (Internal citations omitted). Neither may the court "conjure up unpled allegations, nor create a claim for a plaintiff, because to hold otherwise would require the court 'to explore exhaustively all potential

10

claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Rogers*, 595 F.Supp.2d at 766 (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (internal citation and quotation marks omitted). As the Court previously concluded in the order to show cause, the factual allegations in the complaint simply fail to state a claim for relief under the ADEA. Nothing in plaintiff's response to the order to show cause further illuminates whether she was replaced by or treated differently than a similarly-situated employee who was significantly younger than plaintiff. (Dkt. 19). Thus, plaintiff's complaint fails to state a claim under the ADEA and should be dismissed.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and further **RECOMMENDS DISMISSING** plaintiff's complaint based on plaintiff's failure to adequately respond to the order to show cause.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further

right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 30, 2018               s/Stephanie Dawkins Davis
                                  Stephanie Dawkins Davis
                                  United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that on July 30, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Bridget L. Murriel, 3324 Hogarth, Detroit, MI 48206.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov