UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGET MURRIEL,

    Plaintiff,

v.

CITY OF DETROIT ADMINISTRATION
AND MANAGEMENT, ET AL.,

    Defendants.

_____/

Case No. 17-11328

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**ORDER ADOPTING REPORT AND RECOMMENDATION [26]; OVERRULING PLAINTIFF'S OBJECTIONS [27]; AND GRANTING DEFENDANTS' MOTION TO DISMISS [17]**

On April 26, 2017, Plaintiff Bridget Murriel filed a *pro se* complaint against Defendant City of Detroit alleging claims under the Age Discrimination in Employment Act of 1967 ("ADEA"); the Fair Labor Standards Act; and the Civil Rights Act of 1964. In her Complaint [1], Plaintiff maintains that Defendant discriminated against her based on her age. Plaintiff complains of discriminatory conduct including: termination of employment; failure to promote; unequal terms and conditions of employment; and retaliation.

Construing Plaintiff's 142-page complaint as alleging discrimination under the ADEA, 29 U.S.C. § 623, the Court issued an Order for Plaintiff to Show Cause why the Case Should not be Dismissed for Failure to State a Claim [12] on

September 28, 2017. In response, Plaintiff filed a series of documents and correspondences. [Dkt. #13, 14, 18, 20].

Defendant filed a Motion to Dismiss in Response to the Court's Order to Show Cause [17] on October 26, 2017. Plaintiff filed a Response [23] on December 21, 2017. The Court referred all pretrial matters to the Magistrate Judge on February 27, 2018.

On July 30, 2018, the Magistrate Judge issued a Report and Recommendation [26] ("R&R") recommending that the Court grant Defendant's Motion and dismiss the case. Plaintiff filed Objections to the R&R [27] on August 9, 2018.

For the reasons stated below, the Court **ADOPTS** the R&R [26]; **OVERRULES** Plaintiff's Objections [27]; and **GRANTS** Defendant's Motion to Dismiss [17].

**FACTUAL BACKGROUND**

The Court adopts the facts of this case as set forth in the R&R:

Plaintiff filed a 142 page complaint, consisting mostly of documents pertaining to her employment with the City of Detroit, dating back many years. (Dkt. 1). Some factual background for plaintiff's complaint can be found in her EEOC Charge of Discrimination dated June 21, 2016:

> On October 29, 2015, I made an internal complaint to Human Resources concerning age-based harassment by my Payroll Manager because my Payroll Manager was targeting I [sic] and others in the protected age group by

> falsifying documents and terminating them without discharge slips. Since my first complaint, my Payroll Manager has retaliated against me by forcing me to perform illegal payroll procedures in an attempt to terminate my employment. For instance, I was suspended by my Payroll Manger because I refused to process an illegal overtime pay transaction pertaining to an employee on payroll. On or about December 9, 2015, I was suspended by Police Human Resources because I filed a complaint against my Payroll Manager. I continue to remain on suspension. Without proper notification, the City of Detroit has removed me from payroll permanently.
>
> I believe I was suspended due to my age 56, and in retaliation for complaining about age-based harassment in violation of the Age Discrimination in Employment Act of 1967, as amended. (Dkt. 1, Pg ID 93). The EEOC issued plaintiff her right to sue letter on April 6, 2017. (Dkt. 1, Pg ID 92).

[R&R at 2-3].

## STANDARD OF REVIEW

This Court reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

"To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a Rule 12(b)(6) motion to

dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## ANALYSIS

### I. Report & Recommendation [26]

The R&R recommends that the Court dismiss this action because the Complaint fails to set forth a prima facie case for age discrimination and Plaintiff's responses do nothing to remedy her defective pleading. Specifically, absent from Plaintiff's filings are any allegations "suggesting that she was replaced by or treated differently than a similarly-situated employee who was significantly younger than her."[1] [R&R at 10].

### II. Plaintiff's Objections

---

[1] Based on this Court's Order to Show Cause [12], the Magistrate Judge appropriately considered only the issue of whether Plaintiff had stated a claim for age discrimination under the ADEA. However, Plaintiff's more recent filings suggest that she also wishes to claim retaliation under the ADEA. But, any alleged retaliation claim would be futile. Despite the fact that the City terminated Plaintiff's employment after she filed a claim with the EEOC – a protected activity of which the City had knowledge – Plaintiff nevertheless fails to allege a causal connection between the EEOC action and her ultimate termination. *See Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007) (noting that a retaliation claim under the ADEA requires the plaintiff to show that: 1) she engaged in protected activity; 2) the defendant had knowledge of this protected activity; 3) the defendant took adverse employment action; and 4) a causal connection exists between the protected activity and the adverse employment action).

Plaintiff's objections are difficult to parse. Typically, "vague, general, or conclusory objections do[] not meet the requirement of specific objections and [are] tantamount to complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). However, Plaintiff, a *pro se* litigant, is entitled to some degree of leniency in her court filings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In an effort to give Plaintiff "the benefit of a liberal construction of [her] pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court considers Plaintiff's objections despite their ambiguity.

The Court construes Objection No. 1 as objecting to the R&R's finding that Plaintiff failed to state a claim under the ADEA. Plaintiff argues that Defendant discriminated against her on the basis of age when it terminated her in an alleged effort to reduce retirement liabilities after it had filed for bankruptcy. [Dkt. #27 at 1]. Plaintiff concedes, however, that she "has no information on who replaced [her] when [she] was suspended on 12/09/15, and later terminated." *Id.* at 2.

This concession is fatal to Plaintiff's ADEA claim. The Magistrate Judge correctly explained that Plaintiff cannot set forth a prima facie case for age discrimination without alleging that she was treated differently than a similarly-situated, younger, employee. Because Plaintiff has admitted that she cannot do so here, Objection No. 1 is overruled.

In Objections No. 2 and No. 3, Plaintiff submits that, since November 2002, the AFSCME Union has failed to adequately protect her employment rights. Plaintiff further submits that she "did not do any wrong pertaining to [her] job duties" and that the City had been "plotting for [her] departure for a while." [Dkt. #27 at 5].

The Magistrate Judge considered these assertions in the R&R. *See* [R&R at 8] ("[Plaintiff] also recounts her employment history going back to 2002 and says that there is no one to represent City of Detroit employees"). But, Plaintiff may not "merely reiterate[] arguments made to the Magistrate Judge," as this "defeats the purpose and efficiency of the Federal Magistrate's Act, 28 U.S.C. § 636." *Heath v. Comm'r of Soc. Sec.*, 2018 WL 1559768, at *1-2 (W.D. Mich. Mar. 31, 2018) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). As the Magistrate Judge noted, dismissal is warranted because Plaintiff has failed to identify how she could amend her Complaint to state a plausible claim for relief against the City. Accordingly, Objections No. 2 and No. 3 are overruled.

Finally, Objection No. 4 merely repeats, *verbatim*, Section IV of the R&R. Because there is no basis for the objection, it is overruled.

## CONCLUSION

Plaintiff's filings in response to the Court's Order to Show Cause [12] do not cure the deficiencies in the Complaint. Notwithstanding its liberal construction

of the Complaint, the Court cannot "conjure allegations on [Plaintiff's] behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Accordingly,

**IT IS ORDERED** that the R&R [26] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [27] are **OVERRULED**.

**IS IT FURTHER ORDERED** that Defendant's Motion to Dismiss [17] is **GRANTED**.

**SO ORDERED**.

Dated: August 22, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge